UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLEN GRAHAM et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART REAL ESTATE BUSINESS TRUST et al.,<br><br>    Defendants. | Case No. 3:23-cv-00935<br><br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On March 26, 2024, Defendants Wal-Mart Stores East, LP (Wal-Mart) and John Doe (collectively, the defendants) filed a motion to dismiss pro se Plaintiffs Allen Graham and Latommia Graham's claims against them under Federal Rule of Civil Procedure 41(b) with prejudice for the Grahams' failure to prosecute their claims and to comply with a prior Court order. (Doc. No. 20.) The Grahams did not file a timely response in opposition to the defendants' motion and had not taken any action in the case since November 10, 2023. Accordingly, the Court ordered the Grahams "to show cause why their claims should not be dismissed under Rule 41(b)" and to file "any response in opposition to the defendants' motion to dismiss by June 11, 2024." (*Id.* at PageID# 103.) The Grahams did not file anything in response to the Court's order.

On October 8, 2024, the defendants filed a motion for summary judgment (Doc. No. 24), supported by a memorandum of law and exhibits (Doc. No. 25) and a statement of undisputed material facts (Doc. No. 26). The Grahams have not responded in opposition to the motion for summary judgment or taken any other action in the case.

For the reasons that follow, the Court will grant the defendants' motion to dismiss the Grahams' claims against them under Rule 41(b) for failure to prosecute, will deny the motion for summary judgment without prejudice as moot, and will dismiss this action without prejudice.[1]

**I.      Relevant Background**

This case arises out of the Grahams' minor child's trip and fall at a Wal-Mart supercenter store located in Nashville, Tennessee.[2] (Doc. No. 1-2; Doc. Nos. 8, 13.) The Grahams—at that time represented by counsel—initiated this action in the Circuit Court for Davidson County, Tennessee, asserting negligence by the defendants. (Doc. No. 1-2.) The Grahams seek $350,000.00 in compensatory damages. (*Id.*) The defendants removed the action to this Court, invoking the Court's diversity jurisdiction (Doc. No. 1) and filed an answer to the Grahams' complaint (Doc. No. 7).

After the Court held a telephone initial case management conference with counsel for the parties, it entered an initial case management order setting deadlines for the parties to amend their pleadings, engage in discovery, and file dispositive motions. (Doc. No. 15.) Relevant here, the Court set October 11, 2024, as the deadline for the filing of dispositive motions and ordered that

---

[1]     By the parties' consent, this action is referred to the Magistrate Judge to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. Nos. 11, 12.)

[2]     In their complaint, the Grahams named as defendants "Wal-Mart Real Estate Business Trust d/b/a Wal-Mart Supercenter Store# 5616 and/or Walmart Inc. d/b/a Wal-Mart Supercenter Store# 5616 and/or Wal-Mart Stores East, LP, d/b/a Wal-Mart Supercenter Store# 5616 and John Doe, individually, and as an employee of Wal-Mart Real Estate Business Trust and/or Walmart Inc. and/or Wal-Mart Stores East, LP[.]" (Doc. No. 1-2, PagedID# 22.) The Court granted the parties' agreed order and stipulation substituting Wal-Mart Stores East, LP (Wal-Mart), as the proper defendant in this action and dismissed without prejudice Wal-Mart Real Estate Business Trust d/b/a Wal-Mart Supercenter Store# 5616 and Walmart Inc. d/b/a Wal-Mart Supercenter Store# 5616. (Doc. Nos. 8, 13.)

any "[r]esponses to dispositive motions shall be filed within 28 days after the filing of the motion." (*Id.* at PageID# 84.)

On February 9, 2024, counsel for the Grahams moved to withdraw from representation. (Doc. No. 17.) On February 12, 2024, the Court granted the motion to withdraw but noted that "[p]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." (Doc. No. 18, PageID# 94 (citing *Sheperd v. Wellman*, 313 F.3d 963 (6th Cir. 2022)).) Accordingly, the Court explained that the Grahams could represent themselves going forward, but that "the claims they assert on behalf of their child must be litigated by an attorney." (*Id.* at PagedID# 94.) The Court ordered the Grahams to "(1) have new counsel enter an appearance to represent them on all claims going forward; (2) notify the Court that they will represent themselves going forward and will voluntarily dismiss all claims made on behalf of their minor child; or (3) notify the Court that they no longer wish to pursue the action and will move to dismiss it voluntarily under Federal Rule of Civil Procedure 41" by March 11, 2024. (*Id.*) The Grahams did not file anything in response to this order.

On March 26, 2024, the defendants moved to dismiss the Grahams' claims under Federal Rule of Civil Procedure 41(b) for the Grahams' failure to prosecute and to comply with the Court's February 12, 2024 order. (Doc. No. 20.) The defendants argued that the Grahams "have not contacted defense counsel[,] [ ] there has been no progression with the matter[,]" and that "[the Grahams] have given no indication that they intend[ed] to advance this case." (*Id.* at PageID# 98–99.) The defendants seek dismissal of this action with prejudice. (Doc. No. 20.)

On May 24, 2024, the Court entered an order to show cause, finding that "the Grahams still ha[d] not filed a response to the Court's February 12, 2024 order, ha[d] not responded in opposition

to the defendants' motion to dismiss, and ha[d] not taken any action in this case since November 10, 2023;" thus, the Court had to "determine whether the Grahams ha[d] abandoned their claims." (Doc. No. 22, PageID# 102.) Recognizing that the Grahams were no longer represented by counsel, the Court "afford[ed] the Grahams an opportunity to show cause why their claims should not be dismissed under Rule 41(b)." (*Id.* at PagedID# 103.) The Court therefore ordered the Grahams to show cause by June 11, 2024, "why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) for the Grahams' failure to prosecute their claims" and "to file a response to the Court's February 12, 2024 order, and any response in opposition to the defendants' motion to dismiss by June 11, 2024." (*Id.*) The Court warned the Grahams that "failure to comply with this Order to Show Cause will likely result in dismissal of their claims." (*Id.*) The Grahams have not filed a response to the Court's show-cause order.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

The defendants argue that dismissal is warranted under Rule 41(b) because "no new counsel has entered a notice of appearance on behalf of [the Grahams]; [the Grahams] have not notified the Court that they will represent themselves going forward and will voluntarily dismiss all claims made on behalf of their minor child; [and the Grahams] have not notified the Court that they no longer wish to pursue the action . . . ." (Doc. No. 20, PageID# 98.) The Grahams also have

not responded to the Court's May 24, 2024 show-cause order or opposed the defendants' motion to dismiss or their later-filed motion for summary judgment.

The Court finds that consideration of the four relevant factors shows that dismissal under Rule 41(b) is appropriate.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that bad faith motivated the Grahams' failure to participate in the litigation. Nonetheless, their failure to comply with the Court's February 12, 2024, and May 24, 2024 orders reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *cf. United States ex rel. Florence v. Envision Healthcare*, Case No. 3:19-cv-00493, 2021 WL 6804139, at *3 (M.D. Tenn. May 18, 2021) (finding that plaintiffs' "failure to retain counsel" as ordered by the Court "reflect[ed] willfulness and fault for purposes of Rule 41(b)"), *report and recommendation adopted*, 2021 WL 6804138 (M.D. Tenn. June 14, 2021). And the Grahams' inaction since November 10, 2023, including after their counsel's withdrawal on February 12, 2024, reflects a record of delay. *See Beard v. HSBC Mortg. Servs., Inc.*, Case No. 1:15-cv-1232, 2017 WL 1900555, at *2 (W.D. Mich. Apr. 18, 2017) (finding first factor is met where plaintiffs failed "to either obtain counsel within 30 days or file a pro se appearance" as required by the court and "since counsel's departure, plaintiffs did not . . . respond to the present motion for involuntary dismissal"), *report and recommendation approved*, 2017 WL 1881468 (W.D. Mich. May 9, 2017);

6

Case 3:23-cv-00935 Document 29 Filed 01/08/25 Page 6 of 9 PageID #: 193

*Jarmon v. Intuitive Surgical, Inc.*, Ci. Action No. 3:15-cv-00334, 2017 WL 939325, at *2 (W.D. Ky. Mar. 9, 2017) (finding first favor weighs in favor of dismissal where plaintiff failed to secure new counsel or to file notice of intention to proceed pro se by the court's twice extended deadline and where plaintiff filed to respond to defendant's motion to dismiss "despite the magistrate judge's ordering [the plaintiff] to do so"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Filing an answer and a motion to dismiss are typical steps in early litigation. *See id.* at 739–40. Here, the defendants took the additional step of filing a motion for summary judgment while their motion to dismiss remained pending. The defendants likely did so to comply the deadline set by the initial case management order for filing dispositive motions. Given the Grahams' inaction, the defendants also could have taken an intermediate step like moving to extend the dispositive motion deadline until after the motion to dismiss had been resolved. This factor is neutral in the dismissal analysis.

## C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned the Grahams in its February 12, 2024 order, which is the basis of the motion to dismiss, that failure to comply with the order could lead to dismissal of their claims. (Doc. No. 18.) The Court also warned the Grahams that failure to comply with its May 24, 2024 show-cause order would likely result in dismissal of their claims. (Doc. No. 22.) Because the Grahams did not comply with either order, this factor weighs in favor of dismissal.

## D. Appropriateness of Other Sanctions

The defendants ask that the Court dismiss this action "with prejudice . . ." but do not further articulate why dismissal with prejudice is appropriate. (Doc. No. 20, PageID# 99.) The Sixth Circuit generally disfavors "dismiss[als] with prejudice as the first and only sanction, 'whe[n] the district court has not manifested consideration of less drastic sanctions.'" *Carpenter*, 723 F.3d at 709 (quoting *Harmon*, 110 F.3d at 368). Less drastic sanctions include "disciplinary action[s]" against the party or the party's counsel, *see Mulbah*, 261 F.3d at 593, or "dismissal without prejudice." *Carpenter*, 723 F.3d at 709. The Court finds that the less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the

8

Case 3:23-cv-00935   Document 29   Filed 01/08/25   Page 8 of 9 PageID #: 195

Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se, *see Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

IV.     Conclusion

For these reasons, the defendants' motion to dismiss the Grahams' claims against them under Federal Rule of Civil Procedure 41(b) for failure to prosecute (Doc. No. 20) is GRANTED as modified and the Grahams' claims against the defendants are DISMISSED WITHOUT PREJUDICE. The motion for summary judgment (Doc. No. 24) is DENIED WITHOUT PREJUDICE as moot. This matter is DISMISSED WITHOUT PREJUDICE.

This Order constitutes a final judgment under Federal Rule of Civil Procedure 58. The Clerk's Office is DIRECTED to close the case file.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge